UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                                                                609-858-9360
United States Bankruptcy Judge                                                                              609-989-2259 Fax

June 16, 2017

Michael Makarov, Esq.
12-18 River Road
Fair Lawn, NJ 07410
Attorney for Plaintiffs, Iris and Andrew Holzberg

Darren M. Baldo, Esq.
4093 Quakerbridge Rd.
Princeton Jct., NJ 08550
Attorneys for Defendants, Anthony and Vikki Canonico

          Re:  <u>Anthony J. Canonico, III and Vikki H. Canonico</u>
               Case No. 16-34088 (MBK)

               <u>Iris Holzberg and Andrew Holzberg v. Anthony J. Canonico, III and Vikki H. Canonico</u>
               Adv. Pro. No. 17-01211

Counselors:

This matter is before the Court upon the motion ("Motion") of Anthony J. Canonico, III and Vikki H. Canonico ("Defendants") for dismissal of the Adversary Complaint ("Complaint") brought by Iris Holzberg and Andrew Holzberg ("Plaintiffs"), which seeks to declare non-dischargeable certain claims arising from the Plaintiffs' hiring Defendants to perform various home-improvement tasks. The Court has reviewed the pleadings submitted and issues the following ruling:

I.  **Jurisdiction**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(b) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(i). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

II. **Background**

Plaintiffs hired Defendants, who own and operate US Irrigation LLC and VH Canonico Enterprises Inc., to perform various home-improvement projects. The Complaint alleges that Defendants collected at least $226,243.00 from Plaintiffs, were not licensed with the Division of Consumer Affairs as Home Improvement Contractors, and did not carry any commercial general liability insurance. Plaintiffs further aver that the work performed was deficient and the Defendants used inferior materials. As a result, Plaintiffs state they were forced to engage in substantial repairs.

On January 29, 2016, prior to the bankruptcy filing, Plaintiffs commenced an action against Defendants by filing suit in the Superior Court of New Jersey, Passaic County, Law Division ("State Court"). Defendants filed an answer and were subsequently served discovery demands. On July 22, 2016, after already granting Defendants an extension to produce discovery, the State Court entered an order compelling Defendants to provide discovery. Defendants did not fully comply with discovery and, on September 16, 2016, the State Court entered an order striking Defendants' answer without prejudice. Defendants did not cure the discovery issues and Plaintiffs moved thereafter to strike Defendants' answer with prejudice. On December 20, 2016, Defendants

filed a voluntary Chapter 7 petition and informed the State Court of the pending bankruptcy. On the same day, the State Court entered an order striking Defendants' answer with prejudice.

In their bankruptcy petition, Defendants listed Plaintiffs as unsecured, nonpriority creditors on Schedule F. The bankruptcy clerk's office, through the Bankruptcy Noticing Center, issued official Form 309A ("Form 309A"), which scheduled the 341(a) Meeting of Creditors for January 20, 2017, and set March 21, 2017, as the deadline to file a complaint objecting to Debtors' discharge or the dischargeability of certain debts. On January 17, 2017, counsel for the Plaintiffs filed a Notice of Appearance in the main case and attended the scheduled 341(a) meeting. On March 17, 2017, counsel for the Plaintiffs also examined the Defendants pursuant to FED. R. BANKR. P. 2004.

Plaintiffs did not file a complaint, nor did they seek to extend the March 21, 2017 deadline. Instead, minutes before the deadline expired, Plaintiffs' counsel attempted to file an adversary complaint using the Court's electronic filing system ("CM/ECF system"). The CM/ECF system indicates that Plaintiffs' counsel began the process, by entering the system, at 11:57:01 PM on March 21, 2017.[1] Counsel was able to docket the Complaint in the main case at 12:02:13 AM on March 22, 2017. At 12:44:27 on March 22, the Complaint was filed in the adversary proceeding. According to the Court's systems department, there is nothing to suggest that the CM/ECF system was experiencing any outages or technical difficulties on the night in question.

The Complaint seeks a determination that certain debts are nondischargeable under 11 U.S.C. § 523(a) and denial of the Defendants' overall discharge under 11 U.S.C. § 727(a). The

---

[1] Counsel for Plaintiffs argues that he initiated the process earlier, at 11:45 PM; however, he acknowledged at oral argument that there is no independent record to support his recollection. Whether or not counsel commenced his efforts to file the Complaint a few minutes earlier is of no moment for the purposes of this discussion.

3

Motion seeks to dismiss the case for failure to timely file the Complaint and for failure to state a cause of action upon which relief may be granted. For the reasons set forth below, Defendants' Motion is granted as the Complaint was filed untimely.

### III. Discussion

Section 523(c)(1) requires that a debtor shall be discharged from a debt unless, after notice and hearing, the Court determines the debt to be nondischargeable. FED. R. BANKR. P. 4007(c) provides that "a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." FED. R. BANKR. P. 4007(c) also provides that "on motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Plaintiffs neither filed a complaint before the deadline nor did they file a motion to extend the deadline. Moreover, FED. R. BANKR. P. 9006(b)(3) expressly limits a court's ability to extend the deadline beyond the limited parameters of FED. R. BANKR. P. 4007(c).

In their motion, Defendants argue that the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. The basis for dismissal of the Complaint is that it was filed out of time under FED. R. BANKR. P. 4007(c) and 9006(b)(3). Defendants further argue that under FED. R. BANKR. P. 9006(c), a motion to extend must be filed before the expiration of the time allotted to file the complaint.

Defendants argue in favor of strict enforcement of the filing deadline, positing that the filing delays resulted from Plaintiffs' own miscues and miscalculations. Defendants note that Plaintiffs had a full 60-day period after the meeting of creditors, which their counsel attended, to

4

file an adversary proceeding, but failed to do so. Defendants conclude that Plaintiffs were clearly on notice of the deadline based on their counsel's involvement in the case, including his appearance at the 341(a) Meeting and independent examinations of the Defendants under FED. R. BANKR. P. 2004. Defendants contend further that there were no problems with the CM/ECF system, and they point out that the electronic system is a convenience that allows the Plaintiffs an additional seven hours after the Clerk's office closes to file papers on time. Defendants assert that Plaintiffs are solely to blame for their failure to file the action timely.

Plaintiffs' counsel explains that the late filing was due to a technical issue with the CM/ECF filing system. Counsel asserts that he was logged into the filing system at 11:45 PM; however, the system would not allow him to get past a certain step in the Adversary Proceeding Case Opening process, in which the user must either find the defendant in the system or create a new defendant. At 11:57 PM, after unsuccessfully commencing the adversary proceeding, Plaintiffs' counsel attempted to file the Complaint under the main case. That upload was completed at 12:02 AM. Counsel continued to make efforts to open an adversary proceeding and was finally successful at 12:44 AM on March 22, 2017. Counsel contacted Michael R. Gilmore, a case management supervisor with the Court, who noted on the docket that the case was filed timely.

Plaintiffs contend that Defendants have failed to meet the burden of proving that the matter was not timely filed, and rely upon the clerk's remark noted on the docket. Additionally, Plaintiffs assert that Defendants have not submitted evidence showing that the CM/ECF system was not experiencing slowness. Plaintiffs further argue that, even if this Court determines that the Complaint was filed two minutes late, equitable tolling is applicable and the Defendants were not prejudiced by the two-minute delay. Therefore, Plaintiffs contend that they should not lose their

5

right to challenge the dischargeability of the debt and they ask this Court to apply the doctrine of equitable tolling.

The Third Circuit Court of Appeals in *Schwartz v. Weinberg (In re Weinberg)*, 197 F. App'x 182 (3d Cir. 2006) discussed the U.S. Supreme Court's decision in *Kontrick v. Ryan*, 540 U.S. 443 (U.S. 2004), which dealt with the treatment of an untimely action seeking to deny a discharge and the application of FED. R. BANKR. P. 4004(a). In *Weinberg,* the Third Circuit noted that "because it was undisputed that the creditor in *Kontrick* failed to file in a timely manner and because the creditor raised no argument for tolling based on principles of equity, [the U.S. Supreme Court] did not address '[w]hether the Rules despite their strict limitations, could be softened on equitable grounds[.]'" *Weinberg*, 197 F. App'x at 188 (quoting *Kontrick*, 540 U.S. at 457). The Third Circuit stated further that it "has never held that those rules [FED. R. BANKR. P. 4004 and 4007] are 'jurisdictional' or otherwise immune from tolling based on equitable principles." *Id*. at 188. Thus, the Third Circuit has left the door open for late filings where the equities warrant tolling of a deadline to file.

Whether the doctrine of equitable tolling could be applied is a distinct and separate question, however, from whether the doctrine should be applied. With regard to circumstances in which tolling of a deadline is appropriate, the Third Circuit has stated:

> Equitable tolling applies when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances. This occurs (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff **in some extraordinary** way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. The plaintiff, however must exercise due diligence in preserving his claim. Equitable tolling is an extraordinary remedy which **should be extended only sparingly**.

*Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005) (emphasis added) (footnote omitted) (citations omitted) (internal quotations omitted).

6

Although there is no Third Circuit case law directly on point with respect to the specific issue presently before this court, several courts have dealt with similar circumstances, and this Court looks to those decisions for guidance. For example, in a case with a remarkably similar fact pattern before a bankruptcy court in the Northern District of Georgia, a plaintiff waited until 11:45 PM on the night of the deadline to access the CM/ECF system, despite having previously received two extensions of time. *See United Community Bank v. Harper (In re Harper)*, 489 B.R. 251 (Bankr. N.D. Ga. 2013). After three failed attempts to upload the complaint, the plaintiff successfully uploaded the document at 12:02:44 AM. The bankruptcy court found that the plaintiff was fully aware of the deadline and inexplicably waited until fifteen minutes before the deadline expired to begin the filing process. The bankruptcy court identified four situations in which other courts had applied equitable tolling; namely, when: (1) "a creditor was prevented from making a timely filing due to extraordinary circumstances beyond its control;" (2) "the debtor's conscious culpability resulted in the creditor's missing of the deadline;" (3) "affirmative clerk error" exists; or (4) "the creditor did not gain actual knowledge of the bankruptcy until it was too late to act within the sixty day period". *Id.* at 259 (citations omitted). Applying those principles to the facts in *Harper*, the bankruptcy court for the Northern District of Georgia found that application of the equitable doctrine was not warranted in that case.

A bankruptcy court in the Eastern District of Pennsylvania likewise declined to apply equitable tolling when the plaintiff filed a complaint one day late, with no explanation for any extenuating circumstances other than attorney error. *See Dalembert v. Pendergrass (In re Pendergrass)*, 376 B.R. 473 (Bankr. E.D. Pa. 2007). The court in *Pendergrass* found that "[m]ere attorney error does not fall within any of the legal theories" giving rise to equitable tolling. *Id.* at 479.

7

Conversely, the district court in *Saddle River Valley Bank v. Garsia*, No. 10-1922, 2010 WL 4929268 (D.N.J. Nov. 30, 2010) found that equitable tolling was warranted and reversed the bankruptcy court's strict enforcement of the deadline to file a complaint objecting to dischargeability. In that case, the plaintiff's counsel filed the complaint timely, but in the wrong forum, because the service company which counsel hired delivered the complaint to the state court instead of the bankruptcy court. The state court clerk's office notified the plaintiff, and the complaint was filed in the bankruptcy court three days past the deadline. The district court determined that plaintiff "exercised due diligence by taking sufficient steps and precautions that ordinarily would result in timely filing," and found equitable tolling to be appropriate. *Id.* at *7.

Using this case law for guidance, this Court finds that equitable tolling does not apply in the instant case. As an initial matter, the Court takes note that Plaintiffs do not assert that they were unaware of the deadline to file the complaint; further, Plaintiffs concede that they did not file their Complaint timely or make a motion by the deadline of March 21, 2017. Although Plaintiffs' counsel states he began filing the Complaint at 11:45 PM, the Court's own records indicate that counsel entered the system at 11:57 PM.[2] Therefore, the Court commences its analysis of the equities with the simple fact that Plaintiffs waited until just three minutes before the filing deadline to begin the process of filing an adversary complaint.

---

[2] Whether counsel accessed the Court's electronic filing system at 11:45 PM or 11:57 PM is of no import. The Court views counsel's efforts as akin to entering the courthouse building, but never making it up to the clerk's office to timely file the Complaint. Naturally, if there were physical or technical barriers (e.g., broken elevators, crowded clerk's office, electricity shutdown, fire or health issues), the Court's analysis would differ. In this case, however, there were no such physical or technical hurdles placed before counsel. Rather, counsel's dilatory approach engendered the difficulties faced on the eve of the filing deadline.

Here, the Plaintiffs were not prevented from filing the Complaint in a timely manner by any circumstances other than counsel's own failure to allow more than three minutes to file a complaint, notwithstanding that Plaintiffs had been on notice of the deadline for sixty days. *See, e.g., Pendergrass*, 376 B.R. at 479 (stating that attorney error does not warrant equitable tolling); *In re Rowland*, 275 B.R. 209 (Bankr. E.D. Pa. 2002) (ruling that even if equitable tolling did apply, plaintiff failed to demonstrate they were misled by the defendant); *Schwartz v. Weinberg (In re Weinberg)*, 197 F. App'x 182 (3d Cir. 2006) (affirming the district court which affirmed the bankruptcy court and found that equitable tolling did not apply where plaintiff failed to extend time to file prior to the filing deadline). Although Plaintiffs assert that there was some extraordinary way in which they were prevented from asserting their rights, the Court finds the extraordinary circumstances described in *Hedges* do not exist here. *See Hedges*, 404 F.3d at 751 (outlining the circumstances under which equitable tolling is applicable).

Notwithstanding counsel's assertion regarding alleged CM/ECF system slowness he cannot demonstrate that there was in fact any such issue. In fact, Plaintiffs' counsel contacted the clerk's office to obtain electronic records of counsel's activity, and a Systems Manager with the Court obtained the record and responded with the following message:

> I've looked into the filing in question and determined the user was in fact in our system beginning at 11:57:01PM on 3/21/17, however the transaction did not go through until 12:44:27AM on 3/22/17, as you can see from the report below. We are unable to provide the logs showing the activity in our system due to sensitive information displayed in those logs, such as IP addresses. Moreover, we are unable to determine why the filing took so long to complete (if it was in fact due to the system slowness), we are just able to see that the user was in our system during that time period.

Certification in Opposition Exhibit I, *Holzberg v. Canonico* Adv. Pro. No. 17-01211 (Bankr. D.N.J. May 8, 2017) ECF No. 12-10.

Indeed, Plaintiffs' counsel cannot establish that he was on the system prior to 11:57 PM, and cannot direct the Court's attention to any evidence showing there were any technical problems associated with the CM/ECF system. While counsel for the Plaintiffs relies on a note, docketed by a case management supervisor, which states that the Complaint was filed on time, the note is not dispositive of the issues at bar. To be clear, any Complaint filed after 11:59:59PM on March 21, 2017 was not filed timely. The Plaintiffs were on notice of the filing deadline and cannot direct the Court to any reason for the late filing, other than attorney error. *See Harper*, 489 B.R. 251. Plaintiffs also do not claim to be misled in any way or make a claim that they asserted their rights in the wrong forum. *Cf. Garsia*, 2010 WL 4929268 (applying equitable tolling where complaint filed in wrong forum). Because equitable tolling is only to be extended sparingly, *see Hedges*, 404 F.3d at 751, and because the Court finds that the Plaintiffs were not diligent in preserving their claim, equitable tolling is not warranted.

In light of the Court's determination that the Complaint was not timely filed pursuant to FED. R. BANKR. P. 4007(c) and 9006(b)(3) and that equitable tolling does not apply, the Court need not address Defendants' argument regarding the sufficiency of the pleadings.

**IV.   Conclusion**

For the forgoing reasons, the Court GRANTS Defendants' Motion and the Plaintiffs' Complaint is dismissed with prejudice. The Court will enter an order consistent with this opinion.

Dated: June 16, 2017

Honorable Michael B. Kaplan
United States Bankruptcy Judge